## PIZA v. LUBELSKY.

(Supreme Court, Appellate Division, First Department.   November 8, 1907.)

VENDOR AND PURCHASER—CONTRACT—CONSTRUCTION—PERFORMANCE.

A writing purporting to be an agreement by a cestui que trust extending the time of payment of a mortgage and acknowledging part payment, signed by the cestui que trust, by another as attorney for her, does not show a valid extension of the mortgage, or an acknowledgment of part payment, where it does not appear that the trustee had assigned the mortgage to the cestui que trust, nor, even if such an assignment had appeared or could be presumed, that the person signing as attorney had authority to so act; and hence a contract for the sale of the premises, providing that the price should be paid in part by the assumption of two mortgages, the time of payment of which had been extended, and on which part payment had been made, was not, as to such mortgage, complied with, and vendee was justified in refusing to accept a deed of the premises.

Laughlin and Lambert, JJ., dissenting.

Appeal from Trial Term.

Action for specific performance by Anita Piza against David Lubelsky. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Arnold Charles Weil, for appellant.

Robert C. Beatty, for respondent.

SCOTT, J.   The plaintiff appeals from a judgment dismissing her complaint upon the merits in an action for the specific performance of a contract for the sale of real estate. By the contract the defendant agreed to convey to the plaintiff certain real property in the city of New York for the price of $70,000, to be paid in part by the assumption by the vendee of "two first mortgages, originally for $22,000 each, and on which there is now unpaid $20,000 each, with interest at 5 per cent. per annum, principal due August 1, 1907." The cash payment to be made upon the closing of the title was $15,000. When the time came for closing the title, the plaintiff tendered the cash payment required by the contract, and the defendant tendered a deed of the premises. The plaintiff, however, refused to accept the deed and to complete the contract, stating several objections, which were for the most part untenable, but one of which was serious.

The defendant had undertaken to convey the property subject to two mortgages, originally for $22,000 each, of which the principal should be due on August 1, 1907, about 15 months after the date set for the transfer of the property. The record showed that there were two mortgages upon the property, each for $22,000, made by George A. Simpson to the American Mortgage Company, and falling due on May 14, 1902. Obviously these mortgages, as they appeared of record, did not accord with the contract of sale. This objection was called to the attention of defendant's attorneys prior to the date fixed for closing the title, and they stated in reply that they had an agreement, duly executed by the holders of the mortgages, extending the time of payment

to August 1, 1907, and also reciting the fact that $2,000 of the principal of the same had been paid, leaving $20,000 due on each mortgage. As to one of the mortgages the defendant produced and caused to be recorded an agreement by the mortgagee extending the due date, and reciting the payment of $2,000 on account of the principal. As to the other mortgage, however, the defendant failed to produce, either at the time for closing the title or upon the trial, legal evidence of a valid agreement for extension of the time of payment, or an acknowledgment of a payment on account. There was produced an assignment of the mortgage from the American Mortgage Company, the original mortgagee, to "Robert H. Coleman, as trustee for Ann C. Rogers under a certain deed of trust," and a paper writing, purporting to be an agreement by Ann C. Rogers, extending the time for the payment of the mortgage, and acknowledging the payment of $2,000 on account of the principal. This paper is signed, "Ann C. Rogers, per A. Rogers, Atty."; but there is no evidence that A. Rogers was the attorney for Ann C. Rogers, or that he had any authority to act in her behalf.

It is obvious that these papers fall far short of showing a valid extension of the mortgage, or an acknowledgment by its holder that the principal sum secured thereby had been reduced; and no other evidence was offered. It is not shown that Coleman, the trustee, had assigned the mortgage to his cestui que trust, and there is certainly no presumption of such an assignment to be drawn from their relationship, nor, even if such an assignment had been shown or could be presumed, does the paper signed by "A. Rogers, Atty.," furnish evidence either of extension or payment by the holder of the mortgage. So far as appeared, therefore, either by the record or by the proofs on the trial, the defendant was not in a position to comply with his contract of sale, and the plaintiff was justified in refusing to accept the deed. The dismissal of her complaint upon the merits, involving, as it did, the impounding by the defendant of the money paid upon the execution of the contract, was erroneous.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

PATTERSON, P. J., and HOUGHTON, J., concur. LAUGHLIN and LAMBERT, JJ., dissent.